IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

IN THE MATTER OF:

REAL PROPERTY LOCATED AT
5599 BOLTE LANE
CEDAR HILL, MISSOURI 63016

CIVIL NO. _____

BIG RIVER SOD FARMS, INC., OWNER

## AFFIDAVIT OF REMEDIAL PROJECT MANAGER GREG BACH
## IN SUPPORT OF APPLICATION FOR ADMINISTRATIVE SEARCH WARRANT

Greg Bach, being duly sworn upon his oath, according to law, deposes and says:

1.  I am employed by the United States Environmental Protection Agency ("EPA"), Region
    7, as a Remedial Project Manager with the Special Emphasis Section of the Lead Mining
    and Special Emphasis Branch of the Superfund and Emergency Management Division.

2.  As an Remedial Project Manager with the EPA, I am a duly authorized representative of
    the Regional Administrator, EPA Region 7, who is authorized pursuant to Section 104(b)
    and (e) of the Comprehensive Environmental Response, Compensation and Liability Act
    of 1980, as amended, 42 U.S.C. §§ 9601–75 ("CERCLA"), 42 U.S.C. § 9604(b) and (e),
    and EPA Delegation No. R7-BR-14-6, when a belief exists that a release of hazardous
    substances, pollutants, or contaminants has occurred or is about to occur, to undertake
    such investigations, monitoring, surveys, testing, and other information-gathering as
    deemed necessary or appropriate to identify:

    a.  The existence and extent of the release or threat of release;

    b.  The source and nature of the hazardous substances, pollutants, or



contaminants involved; and

c. The nature and extent of danger to the public health or welfare or the environment.

3. Pursuant to 42 U.S.C. § 9604(b) and (e), and for the purpose of determining the need for response or choosing or taking any response action under 42 U.S.C. §§ 9601–26, I am authorized:

a. To inspect and copy all documents or records relating to:

i. the identification, nature, and quantity of materials which have been or are generated, treated, stored, or disposed of at a facility;

ii. the nature and extent of a release of hazardous substances, pollutants, or contaminants at a facility; and

iii. The ability of a person to pay for or perform a cleanup;

b. When a reasonable basis exists to believe there may be a release or a threat of release of a hazardous substance, pollutant, or contaminant to enter at reasonable times any facility, establishment, or other place or property where any hazardous substance, pollutant, or contaminant has been or may have been released and to inspect and obtain samples from any such facility, establishment, or other place or property or from any location of any suspected hazardous substance, pollutant, or contaminant.

4. Based on the following information, I have cause to believe that hazardous substances, pollutants, or contaminants, specifically lead, have been placed on or have migrated onto that real property currently owned and operated by Big River Sod Farms, Inc., and located at 5599 Bolte Lane, Cedar Hill, Missouri (the "Site"), and that conditions and

circumstances associated with that placement have caused a release or create the threat of release of hazardous substances, pollutants, or contaminants into the environment.

a. The EPA has been investigating the extent of contamination at the Southwest Jefferson County Mining Site and working to address source areas to prevent further migration and transport into residential areas. EPA's watershed-wide sampling has revealed that contaminated sediments are continuously traveling downstream and depositing into the Big River floodplain. This contamination is primarily found in the 100-year floodplain, with the highest concentrations located in the lower-lying areas near the river. The EPA is concerned that flooding from the Big River may be depositing lead-contaminated sediments in floodplain areas used for sand, gravel, soil and sod production, and that contaminated material from the Big River floodplain may pose a risk if used in residential yards.

b. On May 16, 2023, EPA Region 7 sent a CERCLA 104(e) information request to Big River Sod Farms, Inc. operators Zach and Kory Tebeau, in which it requested information related to the potential contamination of commercially farmed sod. Delivery of the letter was not accepted, and EPA received no response. See Exhibit 1.1.

c. On August 21, 2023, EPA Region 7 sent a follow up letter to Big River Sod Farms, Inc. operators Zach and Kory Tebeau, to the May 16th letter, requesting a response to the previously sent CERCLA 104(e) information request. Delivery of the letter was not accepted, and EPA received no response. See Exhibit 1.2.

d.  On December 20, 2023, EPA Region 7 sent an additional follow up letter to Big River Sod Farm, Inc.'s registered agent, Richard R. Tebeau requesting a response to the previously sent CERCLA 104(e) information request. The return receipt showed delivery of the letter was accepted but EPA received no response. See Exhibit 1.3

e.  On February 15, 2024, EPA Region 7 sent additional follow up letters to Big River Sod, Inc operators Zach and Kory Tebeau requesting a response to the previously sent CERCLA 104(e) information request. Delivery of the letter was not accepted and the letter was returned to EPA. See Exhibit 1.4.

f.  On February 15, 2024, EPA region 7 sent an additional follow up letter to Terri Tebeau, Big River Sod Farms Inc's Secretary requesting a response to the previously sent CERCLA 104(e) information request. The return receipt showed the letter was received, but EPA received no response. See Exhibit 1.5

g.  On February 25, 2024, EPA Region 7 sent an additional follow up letter to Michael Lee Tebeau, Big River Sod Farms Inc's President requesting a response to the previously sent CERCLA 104(e) information request. Delivery of the letter was not accepted and the letter was returned to EPA. See Exhibit 1.6.

h.  On August 1, 2024, EPA Region 7 made a telephone call to the office of Big River Sod Farms, Inc. to follow up on the previously sent letters and to discuss access for sampling. EPA was informed that the correct person

to speak with was not available, but would call back EPA.

    i.  On August 5, 2024, EPA Region 7 made a follow up telephone call to the office of Big River Sod Farms, Inc. to follow up on the previous phone call. EPA was informed that the correct person to speak with, Terri Tebeau, had surgery and would not be available for "some time".

5.    In order to identify the existence and extent of the release or threat of a release of hazardous substances, pollutants, or contaminants into the environment pursuant to CERCLA, or to enforce the provisions of CERCLA, an investigation as described below must be conducted:

    a.  Site Analysis. Prior to the initiation of sampling, the Site will be analyzed in an effort to identify appropriate areas for sampling. As part of the process, the Site will be photographed.

    b.  Sampling. Samples of soil, and subsurface soil, that inspectors reasonably believe to have been exposed to or contaminated with hazardous wastes, hazardous substances, pollutants, or contaminants, will be collected from a number of on-site locations. The exact number and location of the samples will be determined after the visual survey of the site is completed. All samples will be removed for analysis.

6.    The evidence cited above concerning the presence of hazardous substances at the Site, together EPA's inability to make contact with Big River Sod Farms, Inc. to obtain information and access, leads me to believe that there has been a release of hazardous substances at the Site and that hazardous substances are still present at the Site. I am concerned that individuals present at the Site may be exposed to these hazardous

substances, and that sod contaminated with lead from the Big River floodplain may pose a risk if used in residential yards.

7.    A return of the search warrant, if issued, will be made to the Court within twenty (20) days of completion of the inspection.

I declare under penalty of perjury that the foregoing is true and correct.

Date:    12/11/2024

Bach, Greg    Digitally signed by Bach, Greg
                      Date: 2024.12.11
                      14:19:00 -06'00'

Greg Bach
Remedial Project Manager
Superfund & Emergency Management Division
U.S. Environmental Protection Agency, Region 7



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION 7**
11201 Renner Boulevard
Lenexa, Kansas 66219

## VIA EMAIL AND OVERNIGHT MAIL

Kory Tebeau
Zach Tebeau
Big River Sod Farms, Inc.
5599 Bolte Lane
Cedar Hill, Missouri 63016
*BigRiverSod@gmail.com*

Re:   Request for Information Pursuant to Section 104 of CERCLA for the Big River Mine
Tailings and Southwest Jefferson County Superfund Sites

Dear Messrs. Tebeau:

Pursuant to Section 104(e)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9604(e)(2), the U.S. Environmental Protection Agency seeks the cooperation of Big River Sod Farms in providing information and documents related to its sod farming operations in the Big River watershed downstream of contaminant sources in the Big River Mine Tailings National Priorities List (NPL) Superfund Site in St. Francois County, Missouri and within the Southwest Jefferson County Mining Superfund Site in Jefferson County, Missouri ("the Sites").

### The Sites' Impact on Your Watershed

The Sites are located within the Old Lead Belt, where a long history of lead mining has produced millions of tons of hazardous waste. These waste materials contain harmful metals that have impacted the Big River watershed through erosion and river transport. Mine waste and other contaminated material have also been mechanically transported throughout the Sites.

The EPA has been investigating the extent of contamination at the Sites and working to address source areas to prevent further migration and transport into residential areas. EPA's watershed-wide sampling has revealed that contaminated sediments are continuously traveling downstream and depositing in the floodplain. This contamination is primarily found in the 100-year floodplain, with the highest concentrations located in the lower-lying areas near the river. The EPA is concerned that flooding from the Big River may be depositing lead-contaminated sediments in floodplain areas used for sand, gravel, soil, and sod production and that contaminated materials from the Big River floodplain may pose a risk if used in residential yards.

Lead exposure can pose serious health risks, particularly for children 7 years old and younger, pregnant women, and nursing mothers. Children are more vulnerable to lead poisoning than adults because their nervous systems are still developing. A child who swallows large amounts of lead may develop anemia,


GOVERNMENT EXHIBIT
**1.1**

severe stomachache, muscle weakness, and brain damage. At lower levels of exposure, lead can decrease mental development, especially learning, intelligence and behavior. Physical growth may also be impacted. Lead in soil can be ingested from hand-to-mouth activity that is common for young children. Lead in soil may also be inhaled if resuspended in the air or tracked into homes, thereby spreading the contamination and increasing the risk of exposure.

The EPA's Information Request

As part of the EPA's evaluation of whether Big River Sod Farms has been impacted by contaminated river sediments, the agency is seeking information about whether these sediments have contaminated commercially-farmed sod. If cut sod contains contaminated materials, it may be transported to residential yards far from the sites, outside EPA's current area of sampling.

Under CERCLA, the EPA has broad information-gathering authority which allows the EPA to require persons to furnish information or documents regarding: (1) the ability of potentially responsible parties to assist in paying for or performing a cleanup of a site; (2) the identification, nature, and quantity of materials which have been or are generated, treated, stored, or disposed of or transported to a site; and (3) the nature or extent of the release or threatened release of hazardous substances, pollutants, or contaminants at a site. This information request (Attachment B) is made pursuant to that authority.

We encourage Big River Sod Farms to give this matter its immediate attention and request that you provide a complete and accurate response to the enclosed questions within **thirty (30) days** of your receipt of this letter. Your response should be sent to:

> Natasha Goss
> Attorney-Advisor
> U.S. Environmental Protection Agency Region 7
> 11201 Renner Boulevard
> Lenexa, Kansas 66219
> *goss.natasha@epa.gov*

Big River Sod Farms may consider some of the information the EPA is requesting to be confidential. While Big River Sod Farms may not withhold the information for that reason, it may request EPA treat the information as confidential by following the instructions for a Confidential Business Information claim set forth in Attachment A.

False, fictitious, or fraudulent statements or representations may subject Big River Sod Farms to civil or criminal penalties under federal law.

The EPA is also interested in other persons or entities who may have information which may assist the EPA in its investigation of the Site or who may be responsible for the contamination at the Site, such as (but not limited to) other sod farms in the 100-year floodplain of the Big River. Big River Sod Farms is encouraged to submit contact information for other persons or entities with its response.

If you have any questions about this Information Request, please contact Natasha Goss at 913-551-7752 or at *goss.natasha@epa.gov*. We look forward to your prompt response.

Sincerely,

PRESTON LAW

Digitally signed by
PRESTON LAW
Date: 2023.05.16
14:40:57 -05'00'

Preston Law
Branch Manager
Lead & Special Emphasis Branch
Superfund & Emergency Management Division

cc:     Chinwe Ndubuka, MoDNR

**Attachment A**

### Instructions for Information Request

1. **Answer Each Question Completely.** You must provide a separate response to each question set forth in this Information Request. Incomplete, evasive, or ambiguous answers shall constitute failure to respond to this Information Request and may subject you to the penalties set forth in the cover letter. For each question contained herein, if information responsive to this Information Request is not in your possession, custody, or control, please identify the person(s) from whom such information may be obtained.

2. **Response Format and Copies.** Provide the responses to this Information Request and copies of all requested documents either electronically or on paper (hard copy). Your submission, whether electronic or hard copy, must include an index that lists all the responsive documents provided and that indicates where each document is referenced in the written response and to which question or questions each document is responsive.

   Electronic submissions are preferred. All electronic submissions must be in text-searchable PDF format. The document index must clearly identify any single electronic document which has been separated into multiple electronic files and each component file that comprises the full document.

   Any documents that you claim contain Confidential Business Information (CBI) pursuant to Item 6 of these instructions must be submitted on separate media (e.g., a separate CD, USB drive, or folder) and clearly marked as "Confidential Business Information." Any documents you determine to contain Personal Identifiable Information (PII) pursuant to Item 8 of these instructions should be similarly marked and submitted separately.

3. **Number Each Answer.** Precede each answer with the corresponding number of the question and the subpart to which it responds.

4. **Provide the Best Information Available.** Respond to the best of your ability, even if the information sought was never put down in writing or if the written documents are no longer available. You should seek out responsive information from current and former employees/agents. Submission of cursory responses when other responsive information is available will be considered noncompliance with this Information Request.

5. **Identify Information Sources.** For each question, identify all persons and documents you relied on for your answer.

6. **Confidential Business Information (CBI).** The information requested herein must be provided even though you may contend that it includes confidential information or trade secrets. You may assert a CBI claim covering part or all of the information requested, pursuant to Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7) and 40 C.F.R. § 2.203(b). **If a CBI claim does not accompany the information submitted to the EPA, then the Agency may make the information available to the public without further notice.** *See* 40 C.F.R. § 2.203(c).

   To make a confidentiality claim, stamp or type, "claimed as confidential business information," "claimed as CBI," or "trade secret" on all information claimed as CBI and any related CBI documents. CBI-claimed portions of otherwise non-confidential documents should be clearly

identified. Submit your response so that all non-confidential information, including any redacted versions of documents, are in one envelope and all materials for which you desire confidential treatment are in another envelope.

All confidentiality claims are subject to EPA verification. If the EPA reviews your CBI claim(s), then the EPA may send a notice to your business and ask you to submit additional information to substantiate the CBI claim(s). *See* 40 C.F.R. § 2.204(e). In your substantiation, it is important that you satisfactorily demonstrate that you have taken reasonable measures to protect the confidentiality of the information and that you intend to continue to do so and that it is not and has not been obtainable by legitimate means without your consent. Information covered by such claim will be disclosed by the EPA only to the extent, and only by the means of the procedures, provided in 40 C.F.R. §§ 2.201-2.311. If no such claim accompanies the information when it is received by the EPA, then it may be made available to the public by the EPA without further notice to you.

7. **Disclosure to EPA Contractor.** Information you submit in response to this Information Request may be disclosed by the EPA to authorized representatives of the United States pursuant to 40 C.F.R. § 2.310(h), even if you assert that all or part of it is confidential business information. Please be advised that the EPA may disclose all responses to this Information Request to one or more of its private contractors for the purpose of organizing and/or analyzing the information contained in the responses to this Information Request. If you are submitting information that you assert is entitled to treatment as confidential business information, you may comment on this intended disclosure in your response to this Information Request.

8. **Personally Identifiable Information.** Personnel files, medical files, and similar files the disclosure of which to the general public may constitute an invasion of privacy should be segregated from your responses, included on separate sheet(s), and marked as "Personally Identifiable Information."

9. **Objections**. While you may object to certain questions in this Information Request, you must provide responsive information notwithstanding those objections. To object without providing responsive information may subject you to the penalties set forth in the cover letter.

10. **Supplemental Responses Required.** If additional information or documents responsive to this Information Request become known or available to you after you have responded to this Information Request, you must supplement your response.

**Attachment B**
**Definitions**

All terms shall have the meaning ascribed to them in CERCLA or the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 – 6992k. The following definitions shall apply to the following words as they appear in this Information Request.

1. The "contaminants of concern" or "COCs" are lead, zinc, cadmium, arsenic, and chromium.

2. "Disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any hazardous waste into or on any land or water so that such hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including groundwater.

3. "Documents" includes any written, recorded, computer generated, or visually or aurally reproduced material of any kind in any medium in your possession, custody, or control or known by you to exist, including originals, all prior drafts, and all non-identical copies.

4. "Facility" means Big River Sod Farms within the Big River watershed and other facilities Big River Sod Farms may lease for the purpose of sod production.

5. With respect to a natural person, "identify" means to set forth: a. the person's full name; b. present or last known business and home addresses and telephone numbers; and c. present or last known employer (include full name and address) with title, position, or business.

6. With respect to a corporation, partnership, or other business entity (including a sole proprietorship), "identify" means to provide its full name, address, and affiliation with the individual and/or company to whom/which this request is addressed.

7. "Material" or "materials" means any and all objects, goods, substances, or matter of any kind, including but not limited to wastes.

8. "Sites" means the Big River Mine Tailings Superfund Site and the Southwest Jefferson County Mining Site located in St. Francois County, MO and Jefferson County, MO.

9. "Hazardous substance" shall have the same definition as that contained in Section 101(14) of CERCLA and includes any mixtures of such hazardous substances with any other substances, including petroleum products.

10. "Hazardous waste" shall have the same definition as that contained in Section 1004(5) of RCRA.

11. "Transport" means the movement of a hazardous substance by any mode.

12. "Waste" or "wastes" means hazardous waste and hazardous substances, whether solid, liquid, or sludge.

13. "You" or "Respondent" means Big River Sod Farms and any officers, managers, employees, contractors, trustees, predecessors, successors, assigns, and agents of Big River Sod Farms.

## Questions

*Questions Regarding Ownership and Operation*

1. Identify the current owner(s) and/or operator(s) of the Facility. State the dates during which the current owner(s) and/or operator(s) owned, operated, or leased any portion of the Facility and provide copies of all documents evidencing or relating to such ownership, operation, or lease, including but not limited to purchase and sale agreements, deeds, and leases.

2. Has sampling been conducted at the Facility or in waters adjacent to the Facility? If so, please describe the purpose of that sampling and why that sampling was conducted. Please provide all reports or summaries regarding that sampling, sample results, and supporting analytical data, such as laboratory bench sheets.

3. Do you have any other information or data regarding the existence of contaminants of concern at the Facility in soil, surface water, or groundwater, other than information provided in response to Question 2? If the answer to the preceding questions is not an unqualified no, provide a narrative response detailing the nature and extent of the contamination, all documents regarding that contamination, and the name and contract information of all persons with knowledge of the contamination.

4. Please provide a diagram or description of areas on your property where sod is cut. For each area, please describe the method of watering for that portion of the property and the source of the water. The maps at *https://jeffcomo.maps.arcgis.com/apps/webappviewer/index.html* may be a helpful resource.

5. For each area depicted or described in response to Question 4, please describe how often that area has experienced or continues to experience flooding.

6. For each area depicted or described in response to Question 4, please describe how often that area is cut for sod and the approximate depth.

*Questions Regarding Client Lists*

7. Provide the name, title, address, e-mail address, and telephone number of each wholesaler, retailer, and consumer who purchased cut sod from the Facility between January 1, 2013, and the present.

8. For each individual listed in Question 7, please list:

   a. Whether the individual was a wholesaler, a retailer, or a consumer;
   b. The amount of sod sold to this customer annually;
   c. The dates on which these sales took place;
   d. All analyses or tests and results of analyses of the sod that was sold to each customer;
   e. All persons, including contractors, with information about transactions with the individual.

9. How is sod transported from the facility to purchasers? Provide the name, title, address, e-mail address, and telephone number of the employees, contractors, or subcontractors who transported the cut sod.

10. Has any soil ever been excavated or removed from the Site? If so, state:

    a.  Where the excavation or removal took place;

    b.  When the excavation or removal took place;

    c.  How much soil was excavated or removed;

    d.  Who excavated or removed the soil;

    e.  Why the soil was excavated or removed;

    f.  All analyses or tests and results of analyses of the soil that was excavated or removed from the Site;

    g.  Where and how the soil that was excavated or removed was placed, stored, and/or disposed of;

    h.  The names, telephone numbers, and email addresses of all persons, including contractors, with information about (a) through (g) of this request.



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**REGION 7**
11201 Renner Boulevard
Lenexa, Kansas  66219

**VIA EMAIL AND OVERNIGHT MAIL**

Kory Tebeau
Zach Tebeau
Big River Sod Farms
5599 Bolte Lane
Cedar Hill, Missouri 63016
*BigRiverSod@gmail.com*

> Re:    Follow-up to Request for Information Pursuant to Section 104 of CERCLA for the Big
> River Mine Tailings and Southwest Jefferson County Superfund Sites

Dear Messrs. Tebeau:

On May 16, 2023, the U.S. Environmental Protection Agency sent a letter seeking the cooperation of Big River Sod Farms pursuant to Section 104(e)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act, or CERCLA, 42 U.S.C. § 9604(e)(2), in providing information and documents. A response to this Information Request was due by June 15, 2023. To date, the EPA has not yet received a response.

The EPA sent the May 16, 2023, information request out of concern that lead-contaminated sediments depositing in the Big River floodplain are impacting Big River Sod Farms. The EPA's watershed-wide sampling has revealed that contaminated sediments are continuously traveling downstream and depositing, particularly in the 100-year floodplain, and that the highest concentrations of lead are located in lower-lying areas near the river.

Lead exposure can pose serious health risks, particularly for children 7 years old and younger, pregnant women, and nursing mothers. Children are more vulnerable to lead poisoning than adults because their nervous systems are still developing. A child who swallows large amounts of lead may develop anemia, severe stomachache, mU.S.C.le weakness, and brain damage. At lower levels of exposure, lead can decrease mental development, especially learning, intelligence and behavior. Physical growth may also be impacted. Lead in soil can be ingested from hand-to-mouth activity that is common for young children. Lead in soil may also be inhaled if resuspended in the air or tracked into homes, thereby spreading the contamination and increasing the risk of exposure.

Pursuant to Section 104(e), the EPA directs you to provide a complete and truthful response, or explain your failure to respond, within **fourteen (14) days** of the date of your receipt of this letter. This fourteen-day period is not an extension of the original deadline and does not excuse any failure to respond to the initial letter. All documents and information should be submitted to:



GOVERNMENT
EXHIBIT

**1.2**

Natasha Goss
Attorney-Advisor
U.S. Environmental Protection Agency, Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219
*goss.natasha@epa.gov*

Compliance with the Information Request is required by law. The EPA may take enforcement action based upon the failure to respond to the initial information request letter in a timely and complete manner, including the pursuit of civil penalties pursuant to CERCLA Section 104(e)(5), 42 U.S.C. § 9604(e)(5).

The instructions and questions in the Information Request are attached for convenience. Please contact Natasha Goss at 913-551-7752 or at *goss.natasha@epa.gov* with any questions or concerns. We look forward to your prompt response.

Sincerely,

PRESTON
LAW

Digitally signed by
PRESTON LAW
Date: 2023.08.21
07:47:36 -05'00'

Preston Law
Branch Manager
Lead & Special Emphasis Branch
Superfund & Emergency Management Division

cc:    Chinwe Ndubuka, MoDNR

## Attachment A
## Instructions for Information Request

1. **Answer Each Question Completely.** You must provide a separate response to each question set forth in this Information Request. Incomplete, evasive, or ambiguous answers shall constitute failure to respond to this Information Request and may subject you to the penalties set forth in the cover letter. For each question contained herein, if information responsive to this Information Request is not in your possession, custody, or control, please identify the person(s) from whom such information may be obtained.

2. **Response Format and Copies.** Provide the responses to this Information Request and copies of all requested documents either electronically or on paper (hard copy). Your submission, whether electronic or hard copy, must include an index that lists all the responsive documents provided and that indicates where each document is referenced in the written response and to which question or questions each document is responsive.

   Electronic submissions are preferred. All electronic submissions must be in text-searchable PDF format. The document index must clearly identify any single electronic document which has been separated into multiple electronic files and each component file that comprises the full document.

   Any documents that you claim contain Confidential Business Information (CBI) pursuant to Item 6 of these instructions must be submitted on separate media (e.g., a separate CD, USB drive, or folder) and clearly marked as "Confidential Business Information." Any documents you determine to contain Personal Identifiable Information (PII) pursuant to Item 8 of these instructions should be similarly marked and submitted separately.

3. **Number Each Answer.** Precede each answer with the corresponding number of the question and the subpart to which it responds.

4. **Provide the Best Information Available.** Respond to the best of your ability, even if the information sought was never put down in writing or if the written documents are no longer available. You should seek out responsive information from current and former employees/agents. Submission of cursory responses when other responsive information is available will be considered noncompliance with this Information Request.

5. **Identify Information Sources.** For each question, identify all persons and documents you relied on for your answer.

6. **Confidential Business Information (CBI).** The information requested herein must be provided even though you may contend that it includes confidential information or trade secrets. You may assert a CBI claim covering part or all of the information requested, pursuant to Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7) and 40 C.F.R. § 2.203(b). **If a CBI claim does not accompany the information submitted to the EPA, then the Agency may make the information available to the public without further notice.** *See* 40 C.F.R. § 2.203(c).

   To make a confidentiality claim, stamp or type, "claimed as confidential business information," "claimed as CBI," or "trade secret" on all information claimed as CBI and any related CBI documents. CBI-claimed portions of otherwise non-confidential documents should be clearly

identified. Submit your response so that all non-confidential information, including any redacted versions of documents, are in one envelope and all materials for which you desire confidential treatment are in another envelope.

All confidentiality claims are subject to EPA verification. If the EPA reviews your CBI claim(s), then the EPA may send a notice to your business and ask you to submit additional information to substantiate the CBI claim(s). *See* 40 C.F.R. § 2.204(e). In your substantiation, it is important that you satisfactorily demonstrate that you have taken reasonable measures to protect the confidentiality of the information and that you intend to continue to do so and that it is not and has not been obtainable by legitimate means without your consent. Information covered by such claim will be disclosed by the EPA only to the extent, and only by the means of the procedures, provided in 40 C.F.R. §§ 2.201-2.311. If no such claim accompanies the information when it is received by the EPA, then it may be made available to the public by the EPA without further notice to you.

7. **Disclosure to EPA Contractor.** Information you submit in response to this Information Request may be disclosed by the EPA to authorized representatives of the United States pursuant to 40 C.F.R. § 2.310(h), even if you assert that all or part of it is confidential business information. Please be advised that the EPA may disclose all responses to this Information Request to one or more of its private contractors for the purpose of organizing and/or analyzing the information contained in the responses to this Information Request. If you are submitting information that you assert is entitled to treatment as confidential business information, you may comment on this intended disclosure in your response to this Information Request.

8. **Personal Identity Information.** Personnel files, medical files, and similar files the disclosure of which to the general public may constitute an invasion of privacy should be segregated from your responses, included on separate sheet(s), and marked as "Personal Identity Information."

9. **Objections**. While you may object to certain questions in this Information Request, you must provide responsive information notwithstanding those objections. To object without providing responsive information may subject you to the penalties set forth in the cover letter.

10. **Supplemental Responses Required.** If additional information or documents responsive to this Information Request become known or available to you after you have responded to this Information Request, you must supplement your response.

## Attachment B
### Definitions

All terms shall have the meaning ascribed to them in CERCLA or the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 – 6992k. The following definitions shall apply to the following words as they appear in this Information Request.

1. The "contaminants of concern" or "COCs" are lead, zinc, cadmium, arsenic, and chromium.

2. "Disposal" means the discharge, deposit, injection, dumping, spilling, leaking, or placing of any hazardous waste into or on any land or water so that such hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including groundwater.

3. "Documents" includes any written, recorded, computer generated, or visually or aurally reproduced material of any kind in any medium in your possession, custody, or control or known by you to exist, including originals, all prior drafts, and all non-identical copies.

4. "Facility" means Big River Sod Farms within the Big River watershed and other facilities Big River Sod Farms may lease for the purpose of sod production.

5. With respect to a natural person, "identify" means to set forth: a. the person's full name; b. present or last known business and home addresses and telephone numbers; and c. present or last known employer (include full name and address) with title, position, or business.

6. With respect to a corporation, partnership, or other business entity (including a sole proprietorship), "identify" means to provide its full name, address, and affiliation with the individual and/or company to whom/which this request is addressed.

7. "Material" or "materials" means any and all objects, goods, substances, or matter of any kind, including but not limited to wastes.

8. "Sites" means the Big River Mine Tailings Superfund Site and the Southwest Jefferson County Mining Site located in St. Francois County, MO and Jefferson County, MO.

9. "Transport" means the movement of a hazardous substance by any mode.

10. "Waste" or "wastes" means hazardous waste and hazardous substances, whether solid, liquid, or sludge.

11. "You" or "Respondent" means Big River Sod Farms and any officers, managers, employees, contractors, trustees, predecessors, successors, assigns, and agents of Big River Sod Farms.

## Questions

*Questions Regarding Ownership and Operation*

1. Identify the current owner(s) and/or operator(s) of the Facility. State the dates during which the current owner(s) and/or operator(s) owned, operated, or leased any portion of the Facility and provide copies of all documents evidencing or relating to such ownership, operation, or lease, including but not limited to purchase and sale agreements, deeds, and leases.

2. Has sampling been conducted at the Facility or in waters adjacent to the Facility? If so, please describe the purpose of that sampling and why that sampling was conducted. Please provide all reports or summaries regarding that sampling, sample results, and supporting analytical data, such as laboratory bench sheets.

3. Do you have any other information or data regarding the existence of contaminants of concern at the Facility in soil, surface water, or groundwater, other than information provided in response to Question 2? If the answer to the preceding questions is not an unqualified no, provide a narrative response detailing the nature and extent of the contamination, all documents regarding that contamination, and the name and contract information of all persons with knowledge of the contamination.

4. Please provide a diagram or description of areas on your property where sod is cut. For each area, please describe the method of watering for that portion of the property and the source of the water.

5. For each area depicted or described in response to Question 4, please describe how often that area has experienced or continues to experience flooding.

*Questions Regarding Client Lists*

6. Provide the name, title, address, e-mail address, and telephone number of each wholesaler, retailer, and consumer who purchased cut sod from the Facility between January 1, 2013, and the present.

7. For each individual listed in Question 6, please list:

   a. Whether the individual was a wholesaler, a retailer, or a consumer;
   b. The amount of sod sold to this customer annually;
   c. The dates on which these sales took place;
   d. All analyses or tests and results of analyses of the sod that was sold to each customer;
   e. All persons, including contractors, with information about transactions with the individual.

8. How is sod transported from the facility to purchasers? Provide the name, title, address, e-mail address, and telephone number of the employees, contractors, or subcontractors who transported the cut sod.

9. Has any contaminated soil ever been excavated or removed from the Site? If so, state:

   a. Where the excavation or removal took place;
   b. When the excavation or removal took place;
   c. How much soil was excavated or removed;
   d. Who excavated or removed the soil;
   e. Why the soil was excavated or removed;
   f. All analyses or tests and results of analyses of the soil that was excavated or removed from the Site;
   g. Where and how the soil that was excavated or removed was stored and/or disposed of;
   h. The names, telephone numbers, and email addresses of all persons, including contractors, with information about (a) through (g) of this request.



**REGION 7**
LENEXA, KS 66219

December 20, 2023

**VIA CERTIFIED MAIL**

Big River Sod Farms, Inc.
Richard R. Tebeau, Registered Agent
1044 Utz Lane
Hazelwood, MO 63042

Dear Mr. Tebeau:

The United States Environmental Protection Agency is attempting to contact Big River Sod Farms, Inc. regarding EPA's Request for Information Pursuant to Section 104 of CERCLA for the Big River Mine Tailings and Southwest Jefferson County Superfund Sites and follow up communication. It is our understanding that you are the company's Registered Agent. Please relay this communication and the enclosed letters to Big River Sod Farms, Inc. as soon as possible so they can provide us with a response.

Their response should be sent to me at:

Shannon Marcano
Attorney-Advisor
U.S. Environmental Protection Agency Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219
*marcano.shannon@epa.gov*

Please do not hesitate to contact me with any questions.

Sincerely,

Marcano, Digitally signed by
Shannon       Marcano, Shannon
              Date: 2023.12.20
              13:20:38 -06'00'

Shannon M. Marcano
Office of Regional Counsel



GOVERNMENT
EXHIBIT

**1.3**

1

ENCLOSURES
1.  Big River Sod Farm 104(e) Letter
2.  Big River Sod Farm 104(e) Follow Up Letter

cc: Chinwe Ndubuka, MoDNR

2



**REGION 7**

LENEXA, KS 66219

February 15, 2024

**VIA CERTIFIED MAIL**

Big River Sod Farms, Inc.
Kory Tebeau
5599 Bolte Lane
Cedar Hill, MO 63016
*BigRiverSod@gmail.com*

Dear Mr. Tebeau:

The United States Environmental Protection Agency (EPA) is attempting to contact Big River Sod Farms, Inc. regarding EPA's Request for Information Pursuant to Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and follow up communication for the Big River Mine Tailings and Southwest Jefferson County Superfund Sites. EPA has previously attempted to contact you and the Big River Sod Farms, Inc. registered agent, Richard R. Tebeau, who appears to be deceased. As you may know, there are penalties associated with neglecting to update such information with the Missouri Secretary of State.

Under CERCLA, the EPA has broad information-gathering authority allowing the EPA to require persons to furnish information or documents regarding: (1) the ability of potentially responsible parties to assist in paying for or performing a cleanup of a site; (2) the identification, nature, and quantity of materials which have been or are generated, treated, stored, or disposed of or transported to a site; and (3) the nature or extent of the release or threatened release of hazardous substances, pollutants, or contaminants at a site. This information request is made pursuant to that authority.

We encourage Big River Sod Farms to give this matter immediate attention and request a response within **thirty (30) days** of your receipt of this letter, and the enclosed letters. Failure to respond to this request may result in penalties.

Your response should be sent to:

Shannon Marcano
Attorney-Advisor
U.S. Environmental Protection Agency Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219
*marcano.shannon@epa.gov*



GOVERNMENT
EXHIBIT

**1.4**

Please do not hesitate to contact me with any questions.

Sincerely,

Marcano,
Shannon

Digitally signed by
Marcano, Shannon
Date: 2024.02.15 10:59:29
-06'00'

Shannon M. Marcano
Office of Regional Counsel

ENCLOSURES
1. Big River Sod Farm 104(e) Letter
2. Big River Sod Farm 104(e) Follow Up Letter

cc: Chinwe Ndubuka, MoDNR



**REGION 7**

LENEXA, KS 66219

February 15, 2024

**VIA CERTIFIED MAIL**

Big River Sod Farms, Inc.
Terri Christine Tebeau, Secretary
1044 Utz Ln,
Hazelwood, MO 63042

Dear Ms. Tebeau:

The United States Environmental Protection Agency (EPA) is attempting to contact Big River Sod Farms, Inc. regarding EPA's Request for Information Pursuant to Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and follow up communication for the Big River Mine Tailings and Southwest Jefferson County Superfund Sites. It is our understanding you are Big River Sod Farms Inc.'s Secretary.  EPA has previously attempted to contact the Big River Sod Farms, Inc. registered agent, Richard R. Tebeau, who appears to be deceased.  As you may know, there are penalties associated with neglecting to update such information with the Missouri Secretary of State.

Under CERCLA, the EPA has broad information-gathering authority allowing the EPA to require persons to furnish information or documents regarding: (1) the ability of potentially responsible parties to assist in paying for or performing a cleanup of a site; (2) the identification, nature, and quantity of materials which have been or are generated, treated, stored, or disposed of or transported to a site; and (3) the nature or extent of the release or threatened release of hazardous substances, pollutants, or contaminants at a site. This information request is made pursuant to that authority.

We encourage Big River Sod Farms to give this matter immediate attention and request a response within **thirty (30) days** of your receipt of this letter, and the enclosed letters. Failure to respond to this request may result in penalties.

Your response should be sent to me at:

> Shannon Marcano
> Attorney-Advisor
> U.S. Environmental Protection Agency Region 7
> 11201 Renner Boulevard
> Lenexa, Kansas 66219
> *marcano.shannon@epa.gov*

**GOVERNMENT
EXHIBIT**

**1.5**

Please do not hesitate to contact me with any questions.

Sincerely,

Marcano,
Shannon

Digitally signed by Marcano,
Shannon
Date: 2024.02.15 12:49:23 -06'00'

Shannon M. Marcano
Office of Regional Counsel

ENCLOSURES
1. Big River Sod Farm 104(e) Letter
2. Big River Sod Farm 104(e) Follow Up Letter

cc: Chinwe Ndubuka, MoDNR



**REGION 7**

LENEXA, KS 66219

February 15, 2024

**VIA CERTIFIED MAIL**

Big River Sod Farms, Inc.
Michael Lee Tebeau, President
1044 Utz Ln
Hazelwood, MO 63042

Dear Mr. Tebeau:

The United States Environmental Protection Agency (EPA) is attempting to contact Big River Sod Farms, Inc. regarding EPA's Request for Information Pursuant to Section 104 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and follow up communication for the Big River Mine Tailings and Southwest Jefferson County Superfund Sites. It is our understanding you are Big River Sod Farms Inc.'s President. EPA has previously attempted to contact the Big River Sod Farms, Inc. registered agent, Richard R. Tebeau, who appears to be deceased. As you may know, there are penalties associated with neglecting to update such information with the Missouri Secretary of State.

Under CERCLA, the EPA has broad information-gathering authority allowing the EPA to require persons to furnish information or documents regarding: (1) the ability of potentially responsible parties to assist in paying for or performing a cleanup of a site; (2) the identification, nature, and quantity of materials which have been or are generated, treated, stored, or disposed of or transported to a site; and (3) the nature or extent of the release or threatened release of hazardous substances, pollutants, or contaminants at a site. This information request is made pursuant to that authority.

We encourage Big River Sod Farms to give this matter immediate attention and request a response within **thirty (30) days** of your receipt of this letter, and the enclosed letters. Failure to respond to this request may result in penalties.

Your response should be sent to me at:

Shannon Marcano
Attorney-Advisor
U.S. Environmental Protection Agency Region 7
11201 Renner Boulevard
Lenexa, Kansas 66219
*marcano.shannon@epa.gov*

**GOVERNMENT
EXHIBIT

1.6**

Please do not hesitate to contact me with any questions.

Sincerely,

Marcano, Shannon

Digitally signed by
Marcano, Shannon
Date: 2024.02.15 11:25:06
-06'00'

Shannon M. Marcano
Office of Regional Counsel

ENCLOSURES
1. Big River Sod Farm 104(e) Letter
2. Big River Sod Farm 104(e) Follow Up Letter

cc: Chinwe Ndubuka, MoDNR